# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALI ALI-BEY**                                               **PLAINTIFF**

v.                  No. 4:25-cv-1154-DPM

**TREY DAVIS, individually and in his
official capacity as a police for the Bryant
Police Department and RICHARD
SZABAD, d/b/a a siding company, and
acting in concert with Bryant Police
Department Police**                                **DEFENDANTS**

## ORDER

1. Ali-Bey's application to proceed *in forma pauperis*, Doc. 1, is granted. He reports living on minimal income.

2. The Court must screen Ali-Bey's complaint. 28 U.S.C. § 1915(e)(2). Bey is no stranger to this Court, having brought these civil rights and tort claims against these defendants in a previous suit. *Bey v. Szabad*, No. 4:24-cv-183-DPM (*Bey I*). Although he was served, Bryant Police Officer Trey Davis never entered an appearance. After Ali-Bey failed to move for default or seek any relief from Davis, the Court dismissed his federal claims against Davis for failure to prosecute and declined to retain jurisdiction of the remaining state law claims. *Doc. 52 in Bey I*. Ali-Bey now seeks to restart the case.

Ali-Bey sues the defendants under 42 U.S.C. § 1983. He alleges that they violated his civil rights and falsely imprisoned him. *Doc. 2 at 4*. In March 2023, Ali-Bey says he was collecting scrap metal from a public dumpster when Szabad accused him of theft and used his truck to block Ali-Bey's exit. Both parties called the police, and Officer Davis responded. He cited Ali-Bey for theft of scrap metal and criminal trespass,—charges that were later dropped. Ali-Bey further alleges that, at Szabad's urging, Davis arrested him on 19 April 2024, jailing him overnight. Charges from that arrest were also dropped. Ali-Bey seeks damages. He says that Szabad and Davis conspired to falsely imprison, unlawfully arrest, and maliciously prosecute him.

The Court's narrowing of Ali-Bey's claims from the previous suit remains controlling. Only some of his claims go forward:

- Ali-Bey's § 1983 claims against Szabad fail because Szabad is a private citizen, who is ordinarily not subject to suit under that statute. To come within reach of § 1983, a private actor must be a "willful participant in joint activity with the State in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline University*, 747 F.3d 532, 536. Ali-Bey hasn't alleged facts stating a plausible claim that Szabad acted in concert, or had a "meeting of the minds," with Officer Davis. *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

- Ali-Bey's official capacity claims against Officer Davis fail because he hasn't argued that Officer Davis was acting under a city policy, practice, or custom. *Brewington v. Keener*, 902 F.3d 796, 800–01 (8th Cir. 2018).

- Ali-Bey's allegation that Davis and Szabad engaged in a civil conspiracy to violate his rights is conclusory. It's dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although the circumstances about the dumpster's location and Szabad's blocking him in need light, these facts can be clarified with adversarial briefing. *Thompson v. Clark*, 596 U.S. 36, 42–46 (2022) (malicious prosecution); *Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 83–84, 876 S.W.2d 248, 250–51 (1994) (false imprisonment); *Hollingsworth v. First National Bank & Trust Co.*, 311 Ark. 637, 640, 846 S.W.2d 176, 178–79 (1993) (malicious prosecution). Ali-Bey's individual capacity malicious prosecution and false imprisonment claims against both Davis and Szabad will be served.

The Clerk directs the Clerk to issues summonses for Szabad and Davis and deliver them, along with a copy of the complaint, and this Order, to the United States Marshal for service. The Marshal must serve these papers on Szabad by restricted delivery, return receipt request at the address provided in the complaint. The Marshal must serve Davis by restricted delivery, return receipt requested at the Arkansas State Police, One State Police Plaza Drive, Little Rock, AR 72209, where he last worked. *Doc. 15 in Bey I*, No. 4:25-cv-183-DPM (E.D. Ark. 13 August 2024). Ali-Bey does not have to prepay the fees and costs or security.

–4–

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 December 2025