IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ALI ALI-BEY                                                    PLAINTIFF

v.                          No. 4:25-cv-1154-DPM

RICHARD SZABAD, individually;
TREY DAVIS, individually;  JAMES
KLEISER, Individually;  and
JOHNATHAN ROLLINS, Individually          DEFENDANTS

## ORDER

Several pending issues need deciding.

**1.** The Court revoked Ali-Bey's *in forma pauperis* status in another case based on discovery about his financial situation. *Doc. 87* in *Ali Ali-Bey v. Staley Electric Services, LLC*, No. 4:24-cv-180-BSM (E.D. Ark. 5 February 2026). I ordered Ali-Bey to show cause why his IFP status should not be revoked in this case. *Doc. 14.* He responded with a new IFP motion and a corresponding good-faith statement. *Doc. 15 & 16.*

The Court takes judicial notice of the circumstances surrounding Ali-Bey's IFP revocation. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005). Speaking through District Judge Brian S. Miller, the Court held that Ali-Bey was not wealthy, but "certainly not indigent." *Doc. 87 at 1* in *Staley Electric*. Based on the record in that case, and considering all material circumstances, the Court modifies Ali-Bey's

IFP status in this case.  With the power to waive all fees comes "the lesser power to set partial fees." *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995) (collecting cases, including *In re Williamson*, 786 F.2d 1336, 1339-41 (8th Cir. 1986)).

The Court assesses an initial partial filing fee of $10.  Ali-Bey must pay it by 1 June 2026.  He must also pay $10 by the first business day of each month until the entire $405 fee is satisfied.  If Ali-Bey does not timely pay these fees, his complaint will be dismissed without prejudice.  *Olivares*, 59 F.3d at 112.

**2.** Ali-Bey amended his complaint as a matter of course on 30 December 2025.  Fed. R. Civ. P. 15(a)(1).  He filed a second amended complaint on 6 March 2026.  Ali-Bey can only amend his complaint "once" as a matter of course.  *Ibid.*  "In all other cases," he may only do so with the Court's leave or the defendants' consent.  Fed. R. Civ. P. 15(a)(2).  There are no exceptions for *pro se* litigants.  The Court therefore strikes Ali-Bey's second amended complaint, *Doc. 24*, and the responding answer, *Doc. 25*, from the docket.  Ali-Bey's amended complaint, *Doc. 7*, is the operative one.

**3.** Ali-Bey also moves to strike "Defendants' Affirmative Defenses." *Doc. 26*.  He doesn't specify which of the defendants' answers he's referring to.  If Ali-Bey is referring to *Doc. 25*, his motion is denied as moot.  If he's talking about *Doc. 23*, his motion is also denied.   Motions to strike affirmative defenses are disfavored.

*Stanbury Law Firm v. Internal Revenue Service*, 221 F.3d 1059, 1063 (8th Cir. 2000).

**4.** Szabad moves to dismiss the claims against him.

- Ali-Bey's § 1983 claims against Szabad didn't survive screening. *Doc. 5 at 2 & Doc. 8 at 2.* Szabad's arguments about them are moot.

- Ali-Bey's false imprisonment claim against Szabad proceeds. He alleged that Szabad used his truck to block Ali-Bey's exit. *Doc. 7 at 2.* Ali-Bey has plausibly stated a claim that he could not leave the situation of his own free will. *Compare Limited Stores, Inc. v. Wilson-Robinson*, 317 Ark. 80, 84, 876 S.W.2d 248, 251 (1994).

- Szabad did not move to dismiss the malicious prosecution claim that also survived screening. *Doc. 5 at 3, Doc. 7 at 5 & Doc. 8 at 2.* This claim goes forward, too.

**5.** Finally, the Court directs Szabad's attorney to show cause. His citations to several cases are inaccurate—they lead to the wrong cases, contain incorrect quotations, or stand for different propositions than he says they do. Here's a list.

- *Doc. 13 at 3 & 5*: "Merely providing information or even false information to police does not constitute joint action." *Young v. Biggers*, No. 4:23-cv-1113-KGB, 2024 WL 1661430, at *3 (E.D. Ark. 18 April 2024).

  Eastern District of Arkansas case number 4:23-cv-1113 is a social security benefits case, assigned to Magistrate Judge Joe J. Volpe, not Chief District Judge Kristine G. Baker.

And the Westlaw citation—2024 WL 1661430—leads to a dead end.

- *Doc. 13 at 3*: The *Federal Reporter* citation for *Monson v. Whitledge*, 154 F. App'x 551 (8th Cir. 2005), leads to *United States v. Ahlers*, 154 F. App'x 551 (8th Cir. 2005), an unpublished *per curiam* opinion in a criminal sentencing appeal.

- *Doc. 13 at 3*: *Askew v. Millerd*, 191 F.3d 953 (8th Cir. 1999).

  This decision exists. But it isn't about a private party acting in concert with the state. It is about a prisoner bringing a conspiracy claim against prison officials.

- *Doc. 13 at 4–5*: *Reasonover v. St. Louis County*, 447 F.3d 569, 582–83 (8th Cir. 2006) ("'[A]greement with a state official's actions, without more, does not turn a private individual into a state actor'" and "affirming dismissal of conspiracy claim where plaintiff failed to allege any facts 'from which a meeting of the minds between [the private party] and the officers could be inferred'"); *Speer v. City of Wynne*, 276 F.3d 980, 986 (8th Cir. 2002) ("requiring allegations that the 'private citizen and state official reached an understanding to violate the plaintiff's constitutional rights'").

  These decisions exist. The quotations do not.

- *Doc. 13 at 5*: Szabad's attorney cites *Mangrum v. Pigue*, 328 Ark. 617, 623, 947 S.W.2d 330, 336 (1997), for the proposition that a "a private citizen may be liable for false imprisonment if he or she instigates an arrest without probable cause."

–4–

*Mangrum v. Pigue* is a case about negligent crop-dusting. The correct citation for it is 359 Ark. 373, 198 S.W.3d 496 (2004). The 328 Ark. 617 citation leads to *Bragg v. State*, 328 Ark. 613 (1997), a criminal appeal. The 947 S.W.2d 330 citation leads to *Hood v. State*, 329 Ark. 21, 947 S.W.2d 328 (1997), also a criminal appeal.

- *Doc. 13 at 5*: Szabad's attorney quotes *Cox v. Meeks*, 2010 Ark. App. 589, at *7. The only *Cox v. Meeks* decision that this Court can find is from the Western District of Pennsylvania. *Cox v. Meeks*, 2013 WL 3867223 (W.D. Pa. 25 July 2013). The state reporter citation for 2010 Ark. App. 589 leads to *Barrow v. State*, 2010 Ark. App. 589, 377 S.W.3d 481, another criminal appeal. Szabad's attorney did not include a *Southwestern Reporter* citation for *Cox*.

These inaccurate citations are troubling. Szabad's counsel must therefore explain how they came to be. He must do so by filing a notice with the Court by 1 May 2026. The Court will then decide whether sanctions are appropriate in the circumstances.

\*

Motions, *Doc. 13 & 26*, denied. IFP motion, *Doc. 15*, partially granted as modified and specified above.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

3 April 2026